## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GREG PANALIGAN** )<br><br>**Plaintiff,** )<br>**vs.** )<br> )<br>**TRANS UNION, LLC,** )<br>**EXPERIAN INFORMATION** )<br>**SOLUTIONS, INC.,** )<br>**EQUIFAX INFORMATION** )<br>**SERVICES LLC** )<br>**and** )<br>**RENTGROW, INC. d/b/a YARDI** )<br>**RESIDENT SCREENING** )<br> )<br>**Defendants.** ) | **Civil Action No.** |

## COMPLAINT

### I.   Preliminary Statement

1.      This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.*, *as amended.*

### II.   Jurisdiction and Venue

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §1331, 1337.

3.      Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### III.   Parties

4.      Plaintiff Greg Panaligan is an adult individual who resides in the State of Illinois.

5.      Defendant Trans Union, LLC (hereafter "TU") is a business entity that regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, Pennsylvania 19022.

6.  Defendant Experian Information Solutions, Inc. (hereafter "EX") is a business entity that regularly conducts business in the Eastern District of Pennsylvania and which has a place of business located at 4 Gatehall Drive, 3rd Floor, Parsippany, New Jersey 07054.

7.  Defendant Equifax Information Services LLC (hereafter "EQ") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and which has a principle place of business at 6000 Atrium Way, Mount Laurel, New Jersey 08054.

8.  Defendant RentGrow, Inc. d/b/a Yardi Resident Screening (hereafter "RentGrow") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and which has a principle place of business at 307 Waverly Oaks Road, Suite 301, Waltham, Massachusetts 02452.

## IV.  Factual Allegations

9.  Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information") from at least September 2016 through the present.

10.  The inaccurate information includes, but is not limited to, civil judgments, and personal identifying information.

11.  The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of public record information, accounts, and/or tradelines that do not belong to the Plaintiff, and that actually belong to another consumer. Due to Defendants' faulty procedures, Defendants mixed the credit file of Plaintiff and that of another consumer with respect to the inaccurate information and other personal identifying information.

12.     Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown from at least September 2016 through the present.

13.     Further, Plaintiff requested his credit file from RentGrow so that he could determine whether it reflected his credit history accurately.

14.     Specifically, Plaintiff attempted to obtain his credit file from RentGrow on March 27, 2017, April 10, 2017, May 11, 2017, and June 1, 2017.

15.     RentGrow did not provide Plaintiff with his credit file in response to Plaintiff's March 27, 2017, April 10, 2017, May 11, 2017, and June 1, 2017 requests.

16.     To this day, RentGrow refuses to provide Plaintiff with a copy of his actual consumer file.

17.     Plaintiff has applied for and has been denied various loans, extensions of consumer credit, and opportunities on many different occasions, and Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's credit reports and that the inaccurate information was a substantial factor for those denials.

18.     Plaintiff's credit reports and file have been obtained from Defendants and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown. Plaintiff's credit reports have been obtained from Defendants by such third parties from at least September 2016 through the present.

19.     As a result of Defendants' conduct, Plaintiff has suffered actual damages in the

form of credit denial or loss of credit opportunity, credit defamation and emotional distress, including anxiety, frustration, embarrassment and, humiliation.

20.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

21.     At all times pertinent hereto, the conduct of the Defendants as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## V.    Claims

### COUNT ONE – Violations of the FCRA
### Plaintiff v. TU, EX, and EQ

22.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23.     At all times pertinent hereto, TU, EX, and EQ were "persons" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

24.     At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

25.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

26.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, TU, EX, and EQ are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b).

27.     The conduct of TU, EX, and EQ was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff

that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## VI.   Claims

### COUNT TWO – Violations of the FCRA
### Plaintiff v. RentGrow

28.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29.    At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

30.    At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

31.    At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

32.    Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to provide Plaintiff with a true and complete copy of his credit file in violation of 15 U.S.C. § 1681g.

33.    The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## VII.    JURY TRIAL DEMAND

34.    Plaintiff demands trial by jury on all issues so triable.

## VIII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the

Defendant, based on the following requested relief:

(a)    Actual damages;

(b)    Statutory damages;

(c)    Punitive damages;

(d)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n and 1681o;

and

(e)    Such other and further relief as may be necessary, just and proper.


Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**


BY:    */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
GEOFFREY H. BASKERVILLE, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600
Attorneys for Plaintiff

Dated: June 14, 2017